# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON BJORN,<br><br>   Plaintiff,<br><br>vs.<br><br>LENDER PROCESSING SERVICES (LPS), et al.,<br><br>   Defendants. | CASE NO. 10cv2620-LAB (NLS)<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER;**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF DEFENDANTS; AND**<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

Plaintiff, proceeding *pro se*, filed his complaint on December 20, 2010 for various types of fraud in connection with the foreclosure sale of his home. The complaint requests a temporary restraining order (TRO), declaratory relief, writs of mandamus and prohibition, and arrest warrants for people he believes have committed fraud or participated in it in some way.

**Temporary Restraining Order**

Preliminary injunctions and TROs are ordinarily sought by motion rather than being requested in the complaint. Fed. R. Civ. P. 65. The complaint doesn't include any of the required information that would support issuance of a TRO. *See id.* The TRO is therefore **DENIED**.

/ / /

**Immune Defendants**

Bjorn has sued a number of Defendants who are apparently immune. These are the Chief Judge of this District, Hon. Irma Gonzales, Sens. Dian[n]e Feinstein and Barbara Boxer, Rep. [Darrell]l Issa, and San Diego District Attorney Bonnie Dumanis, as well as some of Dumanis' employees. These officials are being sued for not using their official authority to stop the ongoing fraud the complaint alleges. In essence, the complaint argues they didn't do their jobs properly, and aren't now doing their jobs properly, and therefore are legally culpable for the alleged fraud committed on their watch. Among other things, it asks the Court to order Ms. Dumanis to investigate and prosecute the alleged forgery. But judges, legislators, prosecutors are generally immune from suit for actions taken in their capacities as judges, legislators, and prosecutors, respectively. *Fry v. Melarango*, 939 F.2d 832, 836 (9th Cir.1991) (noting judicial, legislative, and prosecutorial immunity); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916 *Van de Kamp v. Goldstein*, 129 S.Ct. 855, 861– (2009) (explaining that the district attorney's assistants enjoyed the same absolute immunity as the district attorney). Furthermore, the Court lacks authority to initiate or order any criminal prosecution. *See, e.g., Robinson v. Gonzales*, 2007 WL 4560494 at *2 (E.D.Wash., Dec. 19, 2007).

**Jurisdiction**

The Court is under an obligation to examine its own jurisdiction, *sua sponte* if necessary. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). The complaint identifies two jurisdictional bases: "diversity of the parties and the fact the alleged forgery, allegedly part of a pattern of criminal activity, crosses state borders." (Complaint, 4:5–8.)

The parties are not diverse. Bjorn lives in California and owns or owned a house here (which is the subject of this litigation). And, even ignoring the apparently immune Defendants discussed above, several of the individual Defendants are citizens of California also.

The fact that a state border was crossed does not, in itself, create federal jurisdiction. The complaint cites various federal statutes identifying certain interstate activity, but these

are all criminal statutes. He doesn't cite any statute or allege any facts that would give rise to a claim under federal law. Rather, it appears he is bringing solely state claims.

The complaint also refers to an ongoing unlawful detainer action in state court. (Complaint at 8:12–18) (asking the Court to enjoin "a fraudulent Unlawful Detainer action now in progress in the Superior Court at 250 East Main Street in El Cajon, California"). Under the Anti-Injunction Act, 28 U.S.C. § 2283, the Court lacks authority to enjoin proceedings in any state court, with three specific exceptions that don't appear applicable here. Instead, it appears Bjorn will have to raise in that court any defenses he may have to the unlawful detainer action.

**Conclusion and Order**

No later than ten calendar days from the date this order is issued, Bjorn is **ORDERED TO SHOW CAUSE** why the Defendants identified above as probably immune should not be dismissed. Within the same time limit, he is also **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdiction. Bjorn may show cause by filing a memorandum of points and authorities within the time permitted. The memorandum must not exceed ten pages (not counting any lodged or appended materials). If Bjorn fails to show cause, within the time permitted, why this Court has jurisdiction, this action will be dismissed without prejudice but without leave to amend. If he shows why this Court has jurisdiction but fails to show cause why the apparently immune Defendants should not be dismissed, all claims against them will be dismissed and they will be dismissed as parties.

**IT IS SO ORDERED**.

DATED: December 23, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge