# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON BJORN,<br><br>                    Plaintiff,<br>   vs.<br><br>LENDER PROCESSING SERVICES (LPS), et al.,<br><br>                    Defendants. | CASE NO. 10cv2620-LAB (NLS)<br><br>**ORDER DISMISSING DEFENDANTS;**<br><br>**ORDER ON ORDER TO SHOW CAUSE; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Bjorn filed his complaint on December 20, 2010, and sought a temporary restraining order (TRO) forbidding the San Diego County sheriff from evicting him. On December 23, the Court denied the TRO, noting his request fell far short of the legal standard. The Court also ordered Bjorn to show cause why the complaint shouldn't be dismissed for lack of jurisdiction, and why certain officials he had named as defendants should not be dismissed because of their immunity.

On December 27, Bjorn filed an amended complaint. The next day he filed a motion seeking declaratory judgment, an order to show cause, issuance of a bench warrant, and a TRO. He agreed that certain Defendants should be dismissed and asked the Court to dismiss them. Then on December 30, Bjorn responded to the OSC, pointing out he had
/ / /

amended his complaint, and arguing he had established jurisdiction. On December 30, the Court denied Bjorn's second request for a TRO.

## I. Dismissal of Certain Defendants

At Bjorn's request, the following Defendants are **DISMISSED WITH PREJUDICE**: Gore, Feinstein, Horn, Cox, Jacob, Slater-Price, Roberts, Gonzalez, Issa, Boxer, Cookson, Lewis, Mandabach, the San Diego County Counsel, the County of San Diego Superior Court, and the County of San Diego.

Although Bjorn didn't request dismissal of claims against District Attorney Bonnie Dumanis, he has failed to show cause why she should not be dismissed. She is therefore **DISMISSED** as a Defendant, **WITH PREJUDICE**.

## II.     RESPONSE TO PREVIOUS ORDER TO SHOW CAUSE

Bjorn's claim is based on his allegation that a signature on a notice of trustee's sale was forged. He accuses the Defendants of various crimes and other kinds of wrongoing, but this is the only basis for his own claim. Because it is unclear how this could support Bjorn's claim, he was ordered to show cause why this action should not be dismissed for lack of jurisdiction. He was cautioned that if he failed to show cause, this action would be dismissed.

Bjorn asserts the parties are diverse, but appears to believe minimal diversity is acceptable. But for purposes of 28 U.S.C. § 1332(a)(1), diversity means complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806).) He says he lives in California, but fails to make any allegations about the citizenship of most of the Defendants. In particular, the complaint says many of the individual Defendants work in various cities in California, so it is virtually certain diversity is lacking.

Bjorn next attempts to identify federal questions on which his claim is based. The original complaint didn't identify any federal question, and the amended complaint cites only "wire fraud" as a predicate offense for a RICO claim.

/ / /

In his response to the OSC (but not in his complaint or amended complaint), he identifies several federal statutes he thinks give rise to his claim. These include the Consumer Credit Protection Act (CCPA), the Fair Debt Collection Practices Act (FDCPA), and the Real Estate Settlement Procedures Act (RESPA). The amended complaint names some federal criminal statutes, but no others that provide for a private right of action.

Other than quoting these three statutes, Bjorn didn't Bjorn's response cites the CCPA's criminal provisions as giving rise to his claim, but does not explain why this gives right to a private right of action. The portion he quotes refers only to criminal penalties, so he hasn't shown why he has any claim under the CCPA.

Bjorn cites 15 U.S.C. § 1692e, but doesn't appear to be raising any FDCPA claim. The alleged complaint doesn't identify any false statement other than an allegedly forged signature. The only debt collector the pleadings identify is the California Reconveyance Company ("CRC"), but the amended complaint alleges someone else ("Jane Doe"), not CRC, is responsible for the forged signature of CRC's vice president. Whoever Jane Doe is, no factual allegations show or suggest she is a debt collector. And of course if the signature was authorized, it isn't a forgery. The fact that one Defendant may be a debt collector, and that someone made a false statement do not, by themselves, establish a FDCPA claim. In short, though Bjorn cites the FDCPA, he hasn't identified any FDCPA claim.

Finally, Bjorn's response cites 12 U.S.C. § 2614 in an effort to show he is bringing a claim under RESPA. This section provides for federal jurisdiction over claims brought under §§ 2605, 2607, or 2608. But Bjorn hasn't brought any claims under any of these three sections.

Although the amended complaint mentions wire fraud and cites RICO, it doesn't allege fraud at all, nor does it adequately allege a conspiracy such as would give rise to a RICO claim. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986) (discussing Fed. R. Civ. P. 9(b)'s rigorous pleading standards for RICO claims based on wire or mail fraud); *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126

(9th Cir. 1989) (explaining that conspiracy claim must be supported by factual allegations, not merely conclusory statements).

Even assuming the signature on the notice of foreclosure sale isn't authentic, Bjorn hasn't explained the link between forgery and fraud. The amended complaint makes generalized allegations of misbehavior and dishonesty in the mortgage industry and government, but none of this relates specifically to his claim. He comes closest to identifying fraud in paragraph 5 of his response to the OSC, where he argues that if signatures were forged, or "robo-signed," the signed documents have no legal effect, and both foreclosure and eviction were illegally obtained. That said, there is no allegation the trustee did not in fact agree to the sale, or that someone other than the rightful owner of the note obtained a non-judicial foreclosure. Nor do any factual allegations show Bjorn relied on the alleged forgery, or that he was not in default.

Diversity and federal question jurisdiction are therefore lacking, and no other basis for this Court's exercise of jurisdiction appears in the amended complaint. The amended complaint will therefore be dismissed for lack of jurisdiction. Although Bjorn hasn't yet adequately addressed the Court's concerns, it is unclear whether he could do so given the opportunity, and he has requested such an opportunity.

The previous OSC also pointed out allegations of an ongoing unlawful detainer action in state court, and the amended complaint mentions this action as well. Under the Anti-Injunction Act, 28 U.S.C. § 2283, the Court lacks authority to enjoin proceedings in any state court, with three specific exceptions that don't appear applicable here. Bjorn hasn't responded to this. To the extent Bjorn seeks any order forbidding the unlawful detainer action (including any order forbidding any Defendant from obtaining his eviction as a result of this action), his claim cannot be saved by amendment.

**III.   Other Jurisdictional Concerns**

At the same time, the amended complaint introduces new jurisdictional problems. The first of these is that Bjorn is attempting to raise other people's claims by seeking an order forbidding all county recorders in the state of California to record CRC's documents

signed by Deborah Brignac. He apparently lacks standing to raise these claims, or to seek relief on behalf of other people. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (noting general rule that a party may only raise his own legal rights and interests). The Court also lacks personal jurisdiction over any of the recorders not named as Defendants.

Bjorn also asks the Court to order state officials to investigate and prosecute the fraud he identifies. But the Court lacks the authority to order any criminal prosecution. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.") Because the Court cannot fashion meaningful relief, this claim appears to be moot, which would deprive the Court of jurisdiction. *See Flint v. Dennison*, 488 F.3d 816, 823 (9th Cir. 2007) (discussing mootness doctrine).

Obviously the property at issue here has been the subject of litigation in state court, but Bjorn hasn't provided details about the litigation. As noted, this Court can't enjoin pending litigation. This Court also lacks jurisdiction to entertain what would in effect be an appeal from a state court judgment. *See Gomez v. San Diego Family Court*, 3888 Fed. Appx. 685, 685 (9th Cir. 2010) (explaining that *Rooker-Feldman* doctrine barred federal district court from entertaining a de facto appeal from a state court decision) (citations omitted).

**IV.   Conclusion and Order**

For the reasons set forth above, Bjorn's claims seeking to stop or reverse the unlawful detainer action or his eviction are **DISMISSED WITH PREJUDICE**. The amended complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

If Bjorn wishes to amend his complaint again, he seek permission by filing an *ex parte* motion to do so. The motion must not be longer than 15 pages (not counting any attached or lodged material), and must be filed no later than the close of business on **Friday, January 28, 2011**. The motion must explain how Bjorn intends to amend his complaint, and must show why the Court has jurisdiction over his claims. In particular, it must address the jurisdictional problems and concerns identified in this order. Bjorn is not to file a second

1 amended complaint without the Court's leave, and any such complaint he submits for filing
2 will be rejected. If Bjorn fails to show that he can amend his complaint to invoke the Court's
3 jurisdiction within the time permitted, this action will be dismissed without prejudice for lack
4 of jurisdiction.

6 **IT IS SO ORDERED**.
7 DATED: January 5, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge